J-S09040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD E. ALONZO | : | |
| | : | |
| Appellant | : | No. 1908 EDA 2023 |

Appeal from the PCRA Order Entered June 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0327071-1993

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED MARCH 26, 2024**

Ronald E. Alonzo ("Alonzo") appeals pro se from the order entered by the Delaware County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Alonzo filed an untimely PCRA petition and failed to establish an exception to the statutory time bar, we affirm.

A prior panel of this Court set forth the pertinent factual and procedural histories of this case as follows:

> The evidence at trial established that [Alonzo] shot and killed his victim, 19[-]year[-]old James Ferguson[,] after words had been exchanged about money.  The shooting took place on December 19, 1992[,] near the corner of 8th and Cayuga Streets in the City of Philadelphia between the hours of 8:30 p.m. and 9:30 p.m.  James Ferguson was later admitted to Temple

---

[1]  42 Pa.C.S. §§ 9541-9546.

University Hospital where he was pronounced dead by Dr. Johnson at 9:58 p.m.

At trial, two witnesses, Reginald Allen[] and Antoine Scarborough, friends of the deceased, identified [Alonzo] as the murderer. Both witnesses testified that they saw [Alonzo] shoot James Ferguson at close range in the back of the head as he turned and tried to run during the course of an argument. He then fell face forward onto the pavement. A twelve-year-old boy, Careen Smith, gave a statement to [h]omicide detectives that he had seen [Alonzo] at the corner of 8th and Cayuga at approximately the time of the shooting. Although he disowned the statement at trial[,] Careen Smith did point to [Alonzo] when the assistant district attorney asked who he had meant by "Ron" in the statement. The medical examiner's report indicated that James Ferguson was shot at close range and fell to the ground without breaking his fall, as shown by injuries to his face. He was killed by a single bullet that entered his brain from the back of the skull and lodged near the front of his head.

[Alonzo] did not testify, but did offer an alibi defense. [Alonzo's] mother and sister said he was at home with them, several blocks away from the crime scene[,] at the time of the shooting. [Alonzo's] godmother, Brenda Geiger, stated that she had spoken to [Alonzo] by phone shortly after the shooting. She had called because she was concerned that [Alonzo] had been the one who was shot, as she knew him to frequently be on the corner of 8th and Cayuga.

*Commonwealth v. Alonzo*, 2101 EDA 2008, at *1-2 (Pa. Super. Aug. 21, 2009) (non-precedential decision) (quotation marks and citations omitted).

On July 12, 1993, a jury found Alonzo guilty of first-degree murder and carrying a firearm on a public street in Philadelphia. On June 29, 1994, the trial court sentenced Alonzo to life in prison without the possibility of parole for first-degree murder and two to five years in prison for the firearms crime. This Court affirmed his judgment of sentence of January 12, 1996, and our Supreme Court denied his petition for allowance of appeal on March 31, 1998.

In the years that followed, Alonzo filed several PCRA petitions, all of which were denied. On December 18, 2018, Alonzo filed pro se the instant PCRA petition, his fourth, in which he raised the newly discovered fact, newly recognized constitutional right, and government interference exceptions to the PCRA's time bar. On May 16, 2023, the PCRA court issued notice of its intent to dismiss Alonzo's petition as untimely pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Alonzo filed a response to the PCRA court's Rule 907 notice, and on June 23, 2023, the PCRA court formally dismissed Alonzo's petition.

This timely appeal followed. Alonzo presents six questions for our consideration, but the threshold question we must address is whether Alonzo timely filed his fourth PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant

- 3 -

relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

The Pennsylvania Supreme Court denied Alonzo's petition for allowance of appeal on March 31, 1998. Therefore, his judgment of sentence became final on June 29, 1998, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. ***See*** 42 Pa.C.S. §

9545(b)(3). The instant PCRA petition, which Alonzo filed on December 18, 2018, was patently untimely. Accordingly, we must determine whether Alonzo has pled and proven one of the timeliness exceptions of section 9545(b)(1). *See id.* § 9545(b)(1).

First, Alonzo attempts to raise the newly discovered facts exception of section 9545(b)(1)(ii). *See* Alonzo's Brief at 17-23. Specifically, Alonzo argues that his discovery in 2018 of *Commonwealth v. Holloman*, 621 A.2d 1046 (Pa. Super. 1993), and *Henry v. Estelle*, 993 F.2d 1423 (9th Cir. 1993), *rev'd*, *Duncan v. Henry*, 513 U.S. 364 (1995), constitutes newly discovered facts. *See* Alonzo's Brief at 21, 23. Alonzo asserts that his appellate counsel was ineffective for failing to raise these two cases on his direct appeal to argue that the trial court improperly admitted evidence of other crimes at his trial. *See id.* at 17-23.

This claim is meritless. This Court has repeatedly held that "judicial decisions do not constitute new 'facts' for purposes of the newly discovered [facts] exception set forth in Section 9545(b)(1)(ii)." *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. 2018). Accordingly, Alonzo's attempt to use *Holloman* and *Henry* to satisfy the newly discovered fact exception to the PCRA's time bar fails.

Additionally, we note that Alonzo has repeatedly attempted to raise the underlying claim of direct appeal counsel's ineffectiveness for failing to argue against the admission of prior bad acts evidence at his trial, a claim that this

- 5 -

Court has previously rejected. **See Alonzo**, 2101 EDA 2008 at 6-7. To be eligible for PCRA relief, the petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "An issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." **Id.** § 9544(a). Consequently, Alonzo cannot raise this same claim the instant PCRA petition. **See** 42 Pa.C.S. §§ 9543(a)(3), 9544(a).[2]

Second, Alonzo attempts to raise the newly recognized constitutional right exception of section 9545(b)(1)(iii). **See** Alonzo's Brief 17-20. Specifically, Alonzo argues that **Holloman** and **Henry** recognized new constitutional rights that retroactively apply to his case. **See id.**

This claim is waived, as Alonzo failed to raise his argument that **Holloman** and **Henry** recognized a new constitutional right in his PCRA petition. **See** PCRA Petition, 12/18/2018. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. 2011).

---

[2] Furthermore, Alonzo's ineffectiveness claims do not overcome the jurisdictional timeliness requirements of the PCRA. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to ineffective assistance of counsel claims).

Even if Alonzo had raised this claim in his PCRA petition, he still would not have satisfied the exception. To satisfy the newly recognized constitutional right exception, "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Taylor**, 283 A.3d 178, 187 (Pa. 2022) (quotation marks and citation omitted). Alonzo has wholly failed to demonstrate that either **Holloman** or **Henry** recognized a new constitutional right that has been held to apply retroactively. **See id.**; **see also** Alonzo's Brief at 17-20. Moreover, as both decisions were decided several decades ago, Alonzo clearly did not raise his claim with respect to **Holloman** and **Henry** within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2). His claim that he just discovered the decisions in 2018 does not change our analysis. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (explaining that with respect to the newly recognized constitutional right exception, the time limitation of subsection (b)(2) "begins to run upon the date of the underlying judicial decision," not the date the petitioner became aware of the decision). Therefore, even if Alonzo had preserved this claim, he did not properly plead and prove the newly recognized constitutional right exception to the PCRA's timeliness bar.

Finally, Alonzo attempts to raise two claims of government interference as exceptions to the PCRA time bar. **See** Alonzo's Brief at 34-46. First, Alonzo argues that the PCRA court interfered with his first PCRA petition because it

did not permit him to represent himself during the appeal of the denial of his first petition. *Id.* at 34. Alonzo attempted to raise this same claim in his second PCRA petition. *See Commonwealth v. Alonzo*, 1311 EDA 2002, at *2-3 (Pa. Super. Dec. 19, 2003) (non-precedential decision). Because the PCRA court and another panel of this Court have previously rejected this claim, he cannot now raise it in the instant PCRA petition, as the claim has been previously litigated. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a). Accordingly, this claim of government interference must fail.

Second, Alonzo argues that the Commonwealth failed to disclose misconduct, which occurred in unrelated matters, by Detectives Martin Devlin and Paul Worrell, both of whom were involved in Alonzo's case. *See* Alonzo's Brief at 45. Specifically, Alonzo asserts that the timely disclosure of the misconduct by Detectives Devlin and Worrell would have supported an argument that the detectives "made the Commonwealth's principal witness, Reginald Allen aka Reginald Wilson, change his initial statement." *See id.* at 46. According, to Alonzo, in his initial statement to police, Allen stated that he and the victim were at the scene of the murder because they intended to borrow money from someone. *See id.* When Detectives Devlin and Worrell later interviewed Allen, he admitted that he and the victim were at the scene of the murder because they intended to purchase drugs rather than to borrow money. *See id.*, Exhibit V.

Alonzo has entirely failed to explain how Detectives Devlin and Worrell committed any misconduct in this case or how any of their actions with respect to interrogating Allen constituted a violation of any laws, Alonzo's rights, and thus any kind of government interference. **See** Alonzo's Brief at 45-46; **see also** 42 Pa.C.S. § 9545(b)(1)(i). Rather than setting forth a plausible argument of government interference by providing specific information or evidence that the detectives committed misconduct in this case, Alonzo takes issue with a minor inconsistency in Allen's testimony—an inconsistency that in no manner tends to prove Alonzo was innocent. **See** Alonzo's Brief at 45-46. Moreover, this inconsistency was known to Alonzo at the time of trial, and he thus could have challenged Allen's credibility on this basis at trial. **See id.**, Exhibit V; **see also** 42 Pa.C.S. § 9544(b) (stating that under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so … at trial"). Alonzo has therefore failed to establish a claim of government interference relating to the conduct of Detectives Devlin and Worrell.[3]

Based upon the foregoing, the PCRA court did not err in concluding that Alonzo's petition was untimely, that he failed to satisfy any exception to the PCRA's time bar, and that it did not have jurisdiction to entertain the merits of Alonzo's petition. Accordingly, Alonzo is not entitled to relief.

---

[3] In a separate application for relief before this Court, Alonzo has requested remand to the PCRA court for a hearing related to this claim of government interference and the appointment of counsel. **See** Application for Relief, 1/4/2024. In light of our disposition, we deny Alonzo's application for relief.

Order affirmed.  Application for Relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024